O’LEARY, P. J.,
Concurring. — I concur in the result but write separately to address an issue I find the trial court must decide. The majority concludes, “From the outset, the HOA board of directors and its attorney, Mr. Kaneda, represented to the individual unit owners, including Movants, that the HOA was pursuing the plumbing defect claims and would not settle unless and until it obtained full recovery to pay for the necessary repairs to the common areas and to the individual units.” (Maj. opn., ante, at pp. 276-277.) I do not find the facts in the record quite so clear.
As the majority points out, the unit owners are responsible for the costs of plumbing repairs in their individual units and the HOA is responsible for the costs of plumbing repairs in the common areas. Pursuant to Civil Code section 5980, subdivision (b), an HOA “has standing to institute, defend, settle, or intervene in litigation, arbitration, mediation, or administrative proceedings in its own name as the real party in interest and without joining with it the members, in matters pertaining to the following: [¶] . . . [¶] (b) Damage to the common area.”
Here, after completion of all statutory prelitigation requirements, the HOA filed a complaint against Brookfield seeking damages for construction defects asserting standing under then Civil Code section 1368.3 (now Civ. Code, § 5980). In the complaint, the HOA seeks to recover for “damages to the common areas, damages to the separate interests which the [HOA] is *284 obligated to maintain, repair, and/or damages to the separate interests within the [HOA]’s common interest, power and standing.”
This language suggests the HOA’s lawsuit does not seek to recover damages suffered by homeowners in their individual units. Yet, in the proposed settlement agreement, the HOA purports to have the authority to settle claims for damages in the individual units of the owners. And Movants contend Attorney Kaneda made representations to them that their individual interests were being represented in the HOA litigation. There is no clear indication in the record if and how the HOA acquired standing to represent the individual interests of the owners in addition to the interests of the HOA.
The Movants presumably seek to intervene to pursue their individual interests — damage to their individual units. But it may be the Movants also seek to intervene as to the damage to the common areas as well. To resolve the motion to intervene, the trial court must initially determine what “interests” are the subject of this litigation and then determine whether the Movants seek to intervene on claims of damage to common areas as well as damage to their individual units.